# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>KEVIN RIOS-CHOW (1),<br><br>                                    Defendant. | Case No.:  19-CR-505 DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)** |

Before the Court is Defendant Kevin Rios-Chow's Motion to Modify Sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  Plaintiff United States of America filed a response. For the following reasons, Defendant's motion is denied.

## I.
## BACKGROUND

On September 13, 2019, the Court sentenced Defendant Kevin Rios-Chow ("Defendant") to 36 months in the custody of the Bureau of Prisons ("BOP") for Importation of Methamphetamine, Cocaine, and Fentanyl in violation of 21 U.S.C. §§ 952, 960.  (Judgment, ECF No. 34.)  Defendant's current projected release date is August 6, 2021.  (Def's Mot. to Mod. Sent. ("Mot."), ECF No. 35, at 1.)

On January 24, 2020, Defendant was diagnosed with tuberculosis and was directed to complete a twelve-week treatment program.  (Ex. A to Mot. at 7.)  Defendant was placed

in administrative isolation on March 1, 2020 and remained in isolation at the time Defense counsel filed the present motion in May 2020. (Mot. at 1–2.) Because of his tuberculosis medication, Defendant suffers from chronic diarrhea, dizziness, and headaches. While he remains in isolation, he receives no other medical care for his symptoms. (*Id.* at 2.) Based on these alleged facts and the ongoing Covid-19 pandemic, Defendant now requests the Court convert the remainder of his sentence to home confinement. (*Id.* at 2.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act of 2018 ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the court for compassionate release after exhausting the BOP process.

Specifically, a defendant may file a § 3582(c) motion with the district court after exhausting administrative remedies with the BOP or after "the lapse of 30 days from the receipt of such a request [for relief] by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "Exhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant notes that he was denied compassionate release on May 8, 2020. (Mot. at 3.) Since more than 30 days have passed since May 8, 2020, Defendant has exhausted his administrative remedies and the Court may address the merits of the present motion.

/ / /

/ / /

1    1.   Extraordinary and Compelling Reasons

2        The FSA allows a district court to modify a sentence and grant compassionate release

3    if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction

4    complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any

5    other person or to the community[.]"   *See* 18 U.S.C. § 3582(c)(1)(A); United States

6    Sentencing Guidelines ("U.S.S.G") § 1B1.13.   Defendant bears the burden of establishing

7    that he is eligible for a sentence reduction.   *See United States v. Jones*, 836 F.3d 896, 899

8    (8th Cir. 2016).

9        Here, Defendant contends his current tuberculosis diagnosis presents extraordinary

10   and compelling reasons for his sentence modification.   (Mot. at 4.) The Sentencing

11   Guidelines provide, in pertinent part, that a defendant suffering from "a serious physical or

12   mental condition, … that substantially diminishes the ability of the defendant to provide

13   self-care within the environment of a correctional facility and from which he or she is not

14   expected to recover[,]" presents extraordinary and compelling reasons.   U.S.S.G § 1B1.13,

15   cmt n.1(A)(ii)(1).   Accordingly, Defendant contends that his tuberculosis diagnosis,

16   combined with the risk of being infected with Covid-19 while in BOP custody, constitutes

17   an extraordinary and compelling circumstance under these guidelines.   (*See* Mot. at 4.)

18       The Government disagrees, and notes that Tuberculosis is neither a terminal disease

19   nor a disease "that would prevent a defendant from providing self-care within the prison

20   environment."   (Opp'n at 5.)   Moreover, the Government notes Defendant's condition is

21   not one of the conditions identified by the Centers for Disease Control and Prevention

22   ("CDC") as increasing a person's risk for developing serious illness from Covid-19.   (*Id.*)

23   Finally, the Government contends Defendant's tuberculosis is not a disease "from which a

24   defendant would not expect to recover" because Defendant "no longer has active TB and

25   has completed treatment for the disease on May 6, 2020."   (*Id.* at 5-6.)

26       The Court agrees with the Government.   Tuberculosis is not a disease identified as

27   a risk factor by the CDC.   Moreover, Defendant has since recovered from his tuberculosis

28   due to his treatment, and therefore his condition does not rise to the level of seriousness

required by U.S.S.G § 1B1.13, cmt n.1(A)-(C).  Although the Court is sympathetic to Defendant's concerns about the risk of acquiring Covid-19 in custody, "the mere existence of [Covid]-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  Accordingly, Defendant has not demonstrated "extraordinary and compelling" reasons for his release.

### III.

### CONCLUSION AND ORDER

For these reasons, Defendant's motion is respectfully denied.

**IT IS SO ORDERED.**

Dated:  August 13, 2020

Hon. Dana M. Sabraw
United States District Judge